Lin v. Lynch

BIA
Sichel, IJ
A098 971 357

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand fifteen.

PRESENT:
        RALPH K. WINTER,
        ROSEMARY S. POOLER,
        DENNY CHIN,
            *Circuit Judges.*

_____

LI CHUN LIN,
       *Petitioner,*

      v.                    13-3060
                                NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
       *Respondent.*[*]

_____

FOR PETITIONER:      Corey T. Lee, Law Offices of Corey T. Lee, PLLC, New York, NY.

---

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**                    Stuart F. Delery, Assistant Attorney General; Leslie McKay, Assistant Director; Sara Bergene, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Chun Lin, a native and citizen of China, seeks review of a July 24, 2013, order of the BIA, affirming the January 12, 2012, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Chun Lin*, No. A098 971 357 (B.I.A. July 24, 2013), *aff'g* No. A098 971 357 (Immig. Ct. New York City January 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Because Lin filed his asylum application in April 2005, the REAL ID Act does not apply. *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109- 13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (BIA 2006). In pre-REAL ID Act cases, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *superseded by the REAL ID Act as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. Lin omitted from his asylum application and supplementary statement his claim that he was beaten and denied sufficient food and medical care while detained for two days at a family planning office. This information was also omitted from his wife's statement. Minor and isolated discrepancies may be insufficient to support an adverse credibility finding. *See Diallo v. INS*, 232 F.3d 279, 285-86 (2d Cir. 2000); *see also Xiu Xia Lin*, 534 F.3d at 166-67 n.3 (noting that inconsistencies and

3

omissions are "functionally equivalent").  As Lin's claim was predicated on his alleged mistreatment by family planning officials, both the incident, and Lin's omission of it, went to the heart of his asylum claim.  *See Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (noting that the Court had previously held that two brief detentions without physical mistreatment did not constitute persecution).  Accordingly, a "legitimate nexus" existed between his claim and the omission.  *See Secaida-Rosales v. INS*, 331 F.3d at 307-08.

Lin's argument that his omission of the incident was not material because the case law at the time he filed his asylum application allowed him to establish past persecution based on his wife's forced abortion alone is unavailing. *See Matter of C-Y-Z-*, 21 I&N Dec. 915 (BIA 1997) (finding applicants eligible for asylum based on a spouse's sterilization); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (explicitly rejecting *Matter of C-Y-Z-* and concluding, *inter alia*, that "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer").  As the agency noted, Lin would reasonably have

4

been expected to include the alleged beating, insufficient food, and denial of medical care in his claim because they were not "ancillary or tangential."  *See Ye v. DHS*, 446 F.3d 289, 294-95 (2d Cir. 2006) (finding omission material and affirming adverse credibility finding where asylum applicant testified that he was beaten during detention by family planning officials, but had not included such facts in application).

Further, the agency was not required to accept Lin's explanations for his omission.  Lin has offered various explanations for the omission: his attorney failed to include it; the controlling law at the time he filed his application rendered the incident "immaterial"; he did not realize that the incident was not in his application because he "did not pay attention" while it was being read back to him; he was nervous in his asylum application interview; and the asylum officer never asked him about it.  However, we generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters."  *Zhou Yun Zhang v. INS*, 386 F.3d

5

66, 74 (2d Cir. 2004) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin*, 494 F.3d at 305. Further, an IJ need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Because a petitioner is required to offer more than a "plausible explanation," the IJ was not required to credit Lin's explanations. *See id.* at 80.

Here, the "adverse credibility finding was based, *inter alia*, on a specific example of [inconsistent] evidence that undermined the very 'crux' of [Lin's] asylum application." *See Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 174 (2d Cir. 2005). Lin's omission of a material aspect of his asylum claim "is, standing alone, significant enough to support an adverse credibility finding." *See id.* Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Because the adverse credibility

determination is dispositive, we need not consider the other arguments Lin raises.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk